JAMES F. SMITH vs. ELIZABETH HODSDON.

Franklin.    Opinion March 18, 1886.

*Real action.    Purchaser pendente lite.*

H conveyed to S a parcel of real estate the deed for which was not recorded. A third person, who had previously levied an execution upon the same real estate, without notice of the unrecorded deed, brought an action against H for the possession of the estate. After that action was entered in court, S recorded his deed. *Held*, that S could be regarded in no other light than as purchaser *pendente lite*.

A purchaser of real estate *pendente lite* is chargeable with notice of the character of the suit, and of the extent of the claim asserted in the pleadings in reference to the title to such real estate, without express or implied notice in point of fact.

As such purchaser, he is bound by any judgment that may have been entered against the party from whom he has derived his alleged title, equally as if he had been a party to such judgment from the beginning. And the litigating parties are exempted from taking any notice of the title so acquired; nor are they obliged to make such purchaser a party to the suit.

ON REPORT.

Writ of entry to recover possession of certain real estate in Industry.

The opinion states the facts.

*H. L. Whitcomb*, for the plaintiff.

*S. Clifford Belcher*, for the defendant.

FOSTER, J.    For a correct understanding of the question involved in this case, the following statement is necessary.

The source of title to the land in controversy is from Charles H. Dyer, who conveyed it to Joseph H. Hodsdon, April 9, 1872, Joseph H. Hodsdon conveyed it to his wife, Susan J. Hodsdon, September 3, 1875 ; and upon that day both deeds were recorded. Elizabeth Hodsdon, mother of Joseph H. Hodsdon, claiming to be a prior creditor, and that the sale by her son to his wife was without consideration and fraudulent as to herself, brought suit against her son upon an account annexed for money loaned and advanced to him prior to said conveyance, the writ in said action bearing date March 22, 1878. Judgment thereon was recovered March 17, 1879, and

a levy upon the land in dispute made May 17, 1879, and duly recorded. The son's wife, Susan J. Hodsdon, having obtained a divorce from her husband in the meantime, held possession of the land. The old lady, Elizabeth Hodsdon, being unable to obtain possession otherwise, on September 14, 1880, brought a writ of entry against Susan J. Hodsdon for the land, claiming title and right of possession thereto under and by virtue of her judgment and levy against Joseph H. Hodsdon. During the pendency of this suit Susan J. Hodsdon died, her two heirs were cited in and a guardian *ad litem* appointed by the court; an administrator having been appointed also appeared and was defaulted; and finally on March 28, 1884, judgment was rendered in favor of Elizabeth Hodsdon against the heirs of Susan J. Hodsdon. A writ of possession was issued, and upon April 25, 1884, Elizabeth Hodsdon was given the possession of the premises. The validity of the levy and the title to the land was in issue in that suit.

But Susan J. Hodsdon had, on June 28, 1880, made and delivered a deed of the premises to James F. Smith, the present plaintiff, which deed was not placed upon record, however, till long after the commencement of the real action by Elizabeth Hodsdon against Susan J. Hodsdon, and while that action was pending in court, viz: March 2, 1881. It appears from the docket entries in said action that notice was ordered by the court on Smith at the March term, 1883, and at the September term of that year he appeared in the suit by his attorney; but there is no evidence that judgment was ever rendered against him in that action.

It is under that deed of June 28, 1880, given by Susan J. Hodsdon before the institution of the real action by Elizabeth Hodsdon against her, but not recorded till it had been pending in court some time, that James F. Smith, the plaintiff in this action, claims title and possession against Elizabeth Hodsdon, the present defendant.

We are satisfied that he can not legally maintain this action. The record in this action brought by Elizabeth Hodsdon against her son shows that she was a creditor prior to his conveyance to

his wife by the deed of September 3, 1875. That the conveyance was claimed to be fraudulent as against this defendant appears not only by the act of levying upon the property as that of the son, but also in the fact of the suit subsequently brought against the wife for its recovery. The judgment in that suit conclusively settled the title and right of possession as being in and belonging to the plaintiff in that action, Elizabeth Hodsdon, as against the party to whom the son had conveyed it. That judgment, based upon the allegation of title and right of possession, is held to conclude all parties and privies thereto in representation or estate. *Gilman* v. *Stetson*, 18 Maine, 428; *Hurd* v. *Coleman*, 42 Maine, 182.

But it is urged that this plaintiff holds his title unaffected by that judgment, by deed from Susan J. Hodsdon who had the record title. To this it may be answered : (1) This plaintiff's deed, although given before, was not recorded till after the commencement of the real action in which this defendant claimed title to the land; and by R. S., c. 73, § 8, "No conveyance . . . . is effectual against any person, except the grantor, his heirs, and devisees, and persons having actual notice thereof, unless the deed is recorded" as therein provided. Elizabeth Hodsdon was not one of those embraced within the exception named in the foregoing statutory provision. Nor is it claimed that she had notice of that conveyance prior to the commencement of her suit in which her title to the land was established. If such claim were relied on, it would be incumbent on the party asserting such notice to establish that fact. In *Spofford* v. *Weston*, 29 Maine, 140, the court held that it was for the party relying on an unregistered deed, against a subsequent purchaser or attaching creditor, to prove that the latter had actual notice or knowledge of such deed. None is attempted to be shown in this case. Here both parties claim title through different channels from a common source. This deed, then, unrecorded, could not be effectual against the plaintiff in that suit — the defendant in this. It was recorded during the pendency of proceedings in which the plaintiff therein established her title to these premises. Hence, (2) This plaintiff can be regarded in no other light than as a purchaser

*pendente lite.* As such he would be held chargeable with notice of the character of the suit and of the extent of the claim asserted in the pleadings in reference to the land, even without express or implied notice in point of fact. This rule is founded in necessity and is salutary in its operation, for it would be almost impossible to terminate any suit successfully if alienations were allowed to prevail during its pendency. This principle has long been established, and is explicitly laid down by Lord Justice TURNER in *Bellamy* v. *Sabine*, 1 De G. & J. 584. And although he was notified that he might appear in that suit, when the fact became known from the records that he claimed title under the defendant in that action, yet such notice was unnecessary. His deed did not become effectual, so far as affecting the rights of the plaintiff in that action, till after the commencement of proceedings by her to establish her title to the land in controversy. As such purchaser during the pendency of that action, he is bound by any judgment that may have been entered against the person from whom he derived his alleged title, equally as if he had been a party to it from the beginning. *Tilton* v. *Cofield*, 93 U. S. 168. "The litigating parties are exempted from taking any notice of the title so acquired; and such purchaser need not be made a party to the suit." 1 Story Eq. § 406, 1 Wash, R. P., * 593, * 594. This rule is held to be founded upon great public policy; otherwise alienations made during the pendency of a suit might defeat its whole purpose, and there would be no end to litigation. This doctrine is common to the courts both of law and equity, as was held in the case of *Bellamy* v. *Sabine, supra,* and is thus expressed by a learned writer: "In actions of ejectment, if the plaintiff recovers a judgment against the defendant, he has also a perfect title against any alienee of the defendant, since he must necessarily recover upon the strength of his own legal title; in other words, the defendant can never give to an assignee or alienee a better title against the plaintiff than that which he himself holds." 2 Pom. Eq. Juris. § 633.

Therefore, while it may be true that this plaintiff was not a party to the judgment in the former suit, it is equally true that, in his relation to the subject matter of that suit, he has no rights,

as against this defendant, superior to those of his grantor. In that suit the plaintiff there was the prevailing party. So long as that judgment stands unreversed it must be considered as conclusive and importing absolute verity. The plaintiff is not in a position to impeach that judgment in this action. *Blaisdell* v. *Pray*, 68 Maine, 272.

Another objection raised by the plaintiff is, that the certificate of the oath administered to the appraisers in the defendant's levy, was not made upon the back of the execution. If this objection is now open to the plaintiff, — if the judgment in the former suit may not be conclusive upon that question, — still it cannot avail him in this. While admitting the correctness of the decision in the case of *Hall* v. *Staples*, 74 Maine, 178, that the certificate of oath must be upon the back of the execution, nevertheless in this case, from an inspection of the original papers, we think that there is a substantial compliance with the requirements of the statute in that respect.

In accordance with the agreement in the report the entry must be,

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.

HASKELL, J., concurred in the result.