JOHN M. REDDICK, APPELLANT, VS. JOHN M. MEFFERT, APPELLEE.

1. Where a husband sells and conveys his real estate during coverture, his wife not joining therein, and afterwards he dies, she may be entitled to dower, but not to a child's part, in such real estate.

2. A person holding land under a deed of conveyance made by a husband during coverture and in which the wife did not join, is not concluded by proceedings, to which he is not a party, instituted by such wife after the death of the husband for setting apart to her a child's part in the land.

3. Actual possession, or *pedis possessio*, of the land is not essential to maintain the equitable jurisdiction given by the act of June

4th. 1889, §1469, Rev. Stat., to persons claiming to own timbered lands, to enjoin trespasses by cutting trees thereon, or removing logs therefrom, or other stated trespasses.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*W. S. Bullock* for Appellant.

*Miller & Spencer* for Appellee.

RANEY, C. J. :

The bill of complaint in this cause was filed by appellant against appellee, and alleges that the complainant is the owner and in possession of the described land containing 94 acres, located in Marion county, and has been in constant and continuous possession of the same since September, A. D. 1876; that the property is chiefly and principally valuable for its timber, and is uncleared land and not suitable for agricultural purposes in its present condition. That the defendant on several occasions has entered upon said premises, during the absence of complainant and his agents, and cut therefrom the timber standing and growing on said land. That complainant has frequently given him notice not to cut said timber, such notice being in writing, warning and cautioning him not to enter thereon for said purpose, but defendant very recently, within the last few days, notwithstanding the notice heretofore given him, has sent his hands upon said premises and is now either actually engaged in cutting the timber therefrom, or about to commence, and will unless stopped; and declares it to be his intention to cut said timber and to remove the same from the said

premises, thereby destroying the value of said property, and greatly damaging complainant.   *   *   *  That defendant has no right, authority or permission from complainant, or "any agents or other authorized persons, to cut the timber from said land, but the said trespass is a wilful trespass, maliciously and defiantly done." The prayer is for an injunction.

A temporary injunction was granted on the 23rd day of October, 1891; and afterwards there was an answer to the bill. The defense set up by the answer as amended is : That the land was granted by the United States to Thomas Harrison by patent dated May 1st, 1855; that the said Harrison conveyed the lands in his lifetime, but Mary E. Harrison, his widow, never relinquished dower or child's portion in the same during the lifetime of said Thomas, or at any other time, and that said Thomas at his death left five children surviving him; and that after the death of Harrison, to-wit : on May 16th, 1891, in pursuance of the election of Mary E. Harrison, his widow, to take a child's part in the lands and real estate of said Thomas Harrison, the judge of probate confirmed by his decree an order setting off an allotment of the lands in the bill described to said Mary E. Harrison made by five freeholders of Marion county; and that the said commissioners placed her in possession of said lands in March, 1891, and she has ever since maintained full, perfect, absolute and unquestioned possession of the same, and while so in possession she sold to defendant the timber and trees growing on said land and authorized him to cut and carry away the same for the use of his saw mill, and in pursuance thereof he was lawfully cutting said trees until restrained by order of this honorable court. That if complainant was ever in possession of said lands defendant never knew it, or

heard of it, and does not believe that he was ever in possession of the same. There is also a denial of any other fact or matter stated in the bill and not specifically denied or admitted by the answer. The answer also contains a demurrer to the bill on the ground that the complainant has adequate remedy at law.

There was replication and testimony, and on final hearing the injunction granted was dissolved and the bill dismissed.

The report of the testimony shows that it was agreed by the parties: That Harrison obtained the land from the United States by patent dated May 1, 1855, and that on May 18, 1858, he conveyed the same to one A. W. Young by warranty deed, who conveyed to A. H. Young, and that Mary E. Harrison, being then the wife of said Thomas, did not join in the conveyance or make any relinquishment of dower or child's part; and that afterwards on December 20th, 1880, the complainant acquired the same lands under a deed from John F. Dunn, said Dunn "having obtained the land" under conveyances enumerated in the agreement; and that Harrison died intestate on February 14, 1891; and afterwards on the 16th day of May in the same year, proceedings were had before the county judge of Marion county, whereby the land in controversy was alotted to Mary E. Harrison, widow, as a child's part of the estate of the intestate; that Reddick was not a party to this proceeding; and that Harrison left at his death no other lands. That afterwards Meffert entered into possession of the lands under a license from Mary E. Harrison to cut timber on the same, and was so cutting under said license on the portion of said lands allotted to her as a child's part when restrained by the injunction. It was also agreed that the complainant had had possession of different parts of the

440 acres of land of which the 94 acres in controversy is a part, and occupied said portions by tenants to the day of the commencement of this suit, and that the 94 acres in controversy is woodland, and the complainant has never had any actual possession of said 94 acres. And it was further agreed that Meffert was first placed in possession of the land "under allotment of child's part appointed by commissioners to Mary E. Harrison, and that he found no trace of any former possession, and that he commenced cutting timber as agent of Mary E. Harrison in March, 1891, and continued until he was restrained by the injunction."

The complainant, Reddick, testified in his own behalf that he had been, and was at the commencement of this suit, in possession by tenants, naming four, of the tract of 440 or 460 acres, of which about 120 acres were cleared and fenced, and that he had paid taxes on the land; and that he first heard of the allotment to Mrs. Harrison in 1891, but not till Meffert commenced cutting timber.

John A. Harrison testified for defendant that he was the son of Mrs. Mary E. Harrison, and that the commissioners placed him in possession of the land as the agent in fact for his mother; that it has never been cultivated, and is woodland; that the nearest settlement was on the south side, remembers nobody else living near. That possession was given to Meffert by himself as agent of his mother; that witness took possession of it as the property of his mother, and the right of selling it or disposing of it. When asked what acts of ownership he had exercised over the land, he replied : "I put Mr. Meffert on the property by cutting timber, and with instructions to cut and use the timber;" and that this was as soon as the court made the allotment.

The petition of Mrs. Harrison to the county judge shows that she elected to take a child's part of all the real estate "owned by Thomas Harrison in his lifetime and to which she has not relinquished dower as provided by law," and in his personal property, and prayed that a child's part be set off to her in the E. 1-2 of the S. E. 1-4 of Sec. 22, and the S. E. 1-4 and S. 1-2 of N. E. 1-4 and W. 1-2 of S. W. 1-4 of Sec. 23, and N. W. 1-4 of Sec. 24, all in T. 13 S., R. 21 E., containing 564 33-100 acres. The report allots her one-sixth thereof, being 94 acres specially described in the report and the bill of complaint.

It is contended by appellee's counsel that there is no equity in the bill, as the case is one of mere trespass, and the complainant has complete remedy at law. Counsel have overlooked the act of June 4th, 1889 (sec. 1469 Rev. Stat.), which provides that courts of chancery shall entertain suits by any person claiming to own any timbered lands in this State, to enjoin trespasses on such lands by the cutting of trees thereon or the removal of logs therefrom, or by boxing or scraping the said trees for the purpose of making turpentine, or by the removal of turpentine therefrom, and in such suits the said courts shall cause an account to be taken of the damage to the complainant from any of said trespasses before or after the institution of the suit, and decree the payment of the amounts shown to be due upon such accounting by the defendant or defendants, and may appoint receivers of logs or timbers claimed to have been cut from said lands. This statute relieves us of any discussion of the question as to the equitable jurisdiction prior to it, as the case has arisen since June 4th, 1889.

It is not contended that the title of Thomas Harrison had not become vested in Reddick prior to his death. In the absence of Mrs. Harrison's having relinquished dower in the land, Reddick took it subject to her dower right, but not subject to any rights of Harrison's children, or of Mrs. Harrison claiming, as widow, a child's part. She has not attempted to assert any right of dower in the land, and not until she does will it be necessary to decide as to the applicability of the summary statutory proceeding for the assignment of dower, where the land has been conveyed by the husband prior to his death, and is held adversely. Henderson vs. Chaires, 25 Fla. 26, 37. The allowance of a child's part to Mrs. Harrison does not conclude Reddick (Henderson vs. Chaires *supra*), and was as against him altogether illegal and ineffectual. The interest of Harrison having passed from him by his conveyance, no child or other heir could inherit it from him, and the widow could not take a child's interest in the land through him, but only the interest which the law of itself gives her as wife or widow, namely: dower. Smith vs. Hines, 10 Fla., 258; Sanderson vs. Sanderson, 17 Fla., 820; Thomp. Dig., section 4, p. 185, note c.; McClellan's Digest, section 1, p. 468; Section 3, p. 476; Section 33, p. 85; Revised Statutes, Sections 1820, 1832, 1833, 1938.

It is entirely clear from the testimony that Mrs Harrison and her son and Meffert were trespassers upon Reddick's property rights, they having no pretense of title except the probate proceedings referred to. No actual possession is shown by Mrs. Harrison, or by her son for her, or by Meffert, except in the act of committing the trespasses complained of; and, in our judgment, it was clearly the purpose of the statute that no actual physical possession, or *pedis possessio*, by the

owner, of timbered lands should be necessary to maintain the equitable jurisdiction which it provides for his protection against the trespass mentioned in it. Mathews vs. Marks, 44 Ark., 436; Sloan vs. Sloan, 25 Fla., 53, *59*, 5 South. Rep., 603, *606;* Patton vs. Crumpler, 29 Fla., 573, *577*, 11 South. Rep., 225, *226.* If we should require such possession, the protection intended to be given to the owners of our extensive and valuable forests would be sadly curtailed.

The decree will be reversed and the cause remanded for proceedings not inconsistent with this opinion.