LARKIN D. SNOW *vs.* GEORGE F. RUSSELL.

Cumberland.    Opinion September 10, 1900.

*Lis Pendens.    Evidence.    Stat. 1893, c. 301.*

The rule of lis pendens has been abrogated in this state by statute.

A judgment that is res inter alios is not admissible in evidence against one not a party to the record.

See *Snow* v. *Russell*, 93 Maine, 362.

ON EXCEPTIONS BY DEFENDANT.

This was a real action to recover a certain piece of land on India street in Portland.    Plea, the general issue with a brief statement.

The premises in dispute were owned by Submit C. Russell, who died February 7, 1896, in Portland, leaving a husband, John H. Russell, his son and her step-son, George F. Russell, two sons, William W. Davis and Lemuel T. Davis, one grandson, Charles D. Merrill, son of her deceased daughter, and two great grand-children, Henry Merrill and Frances Merrill, the children of a deceased sister of Charles D. Merrill.

Submit C. Russell left a will which was duly presented with a petition for its allowance at the probate court, Cumberland county, on the thirteenth day of February, 1896, which was duly proved and allowed on the third Tuesday of March, 1896, by which her husband, John H. Russell, was appointed executor.

The will was made a part of the exceptions.

On the eleventh day of February, 1896, William W. Davis quitclaimed to John H. Russell all his real and personal estate left by his mother, Submit C. Russell.

On the eighteenth of February, 1896, Lemuel T. Davis and Charles D. Merrill entered into an agreement with John H. Russell by which Davis and Russell were to release their interest in Mrs. Russell's estate and make no opposition to probate of her will and to receive therefor $1,500.

On the eleventh day of March, 1896, Lemuel T. Davis and Charles D. Merrill conveyed by quitclaim to John H. Russell all

their interest in the real estate of Submit C. Russell, which is the land in controversy, and took from him a mortgage to secure a note which he gave at the time for fifteen hundred dollars with interest payable annually, which mortgage was recorded on the thirteenth day of March.

This mortgage was assigned in blank by Lemuel T. Davis and Charles D. Merrill and the note by them indorsed, and left with John F. Proctor, a real estate broker, to negotiate.

John F. Proctor testified that he advanced on the mortgage the sum of one thousand dollars, and that he sold it to the plaintiff for fifteen hundred dollars on the thirtieth day of March, and at that time filled out the blank assignment, bearing date February 13th, to Snow and delivered to him the note indorsed as above stated, which assignment was not recorded until July 9, 1897.

The defendant offered in evidence a decree of the Supreme Judicial Court in a cause in equity wherein John F. Russell et als. were complainants v. Lemuel T. Davis et als. rendered on the eighth day of November, 1897, which was excluded by the presiding justice.

The material portion of the decree made after the decision of this court in *Snow* v. *Russell*, 93 Maine, 362, thus excluded is as follows:

"That said mortgage deed upon the real estate, described in said bill of complaint, given by said John H. Russell to said Lemuel T. Davis and said Charles D. Merrill, and dated the eleventh day of March, A. D. 1896, and recorded in Cumberland registry of deeds, book 636, page 21, and the note thereby secured be and hereby are declared null and void; and that the said Lemuel T. Davis and said Charles D. Merrill be and hereby are ordered and directed to surrender forthwith said note to said John H. Russell, and cancel, release and discharge said mortgage deed.

"That said John H. Russell deposit with the clerk of this court, for the use and benefit of said Lemuel T. Davis and Charles D. Merrill the two deeds of release made by him on the twenty-seventh day of March, A. D. 1896, releasing to said Lemuel T. Davis and to said Charles D. Merrill all the interest conveyed by

them, and each of them, to him by their quitclaim deeds of March 11, 1896, to be delivered to them on demand."

The brief statement of facts in the bill of exceptions discloses that the mortgage was assigned to the plaintiff, Snow, before the bill in equity was filed, and to which he was not a party or privy.

*W. R. Anthoine and T. L. Talbot,* for plaintiff.

Counsel cited: *Putnam Free High School* v. *Fisher,* 34 Maine, 172; Stat. 1893, c. 301.

The purpose of our registry law is to protect grantees from the voluntary or involuntary conveyances of their grantors.

The law does not oblige an assignee of a mortgage to record the assignment in order to aid one who seeks to make him a party to a suit in equity to annul the mortgage.

*M. P. Frank and P. J. Larrabee,* for defendant.

Res djudicata: While the plaintiff was not made a party to the bill in equity in which said decree was rendered, he is bound by the decree, because at the time of bringing the bill he had no record title whatever; and the plaintiffs therein had no knowledge previous to the filing of the decree of any claim of title to, or interest in, said mortgage by Snow; so that it was impossible to make said Snow a party. He stood in no better position than if said assignment had never been made, or not made until after the decree was filed. Consequently the matter became res djudicata not only as to the mortgagees, but as to him, and therefore admissible in evidence.

In the case of redemption from a mortgage, the mortgagee makes his tender, and brings his bill to redeem against the mortgagee or his assignee of record. If it were otherwise, he might never be able to redeem, as new records of previous assignments might be made at any stage of the proceedings. Same principle should apply here as in case of mortgage.

The statutes (c. 301, stat. of 1893,) requiring abstract of bill to be filed in registry of deeds to prevent future conveyances has no application in this case, as the assignment was delivered to Snow on the thirtieth day of March and the bill was not filed till March

31st, the next day, so that any record made that day could not have affected an assignment made the day previous. The only question is whether Snow by not recording his assignment, or giving any notice of the same, is not bound by the decree.

The negligence of the plaintiff, Snow, in not recording his assignment and not giving any notice of the same to the plaintiffs in the bill before the decree was filed, so that he could be made a party to the same, is an estoppel to this action. It is not a question of the time of the making of the assignment, but of the negligence of Snow in not recording the same.

Counsel cited: (Foreclosure of mortgage) *Mitchell* v. *Burnham*, 44 Maine, 286; (Lis pendens) Cent. Law Jour. vol. 21, p. 408; *Wilfgong* v. *Johnson*, 41 West. Va. 283; *Zane* v. *Fink*, 18 West Va. p. 693–720.

SITTING: WISWELL, C. J., HASKELL, WHITEHOUSE, SAVAGE, POWERS, JJ.

PER CURIAM. The judgment excluded was res inter alios. The doctrine of "lis pendens," if otherwise applicable, is made inapplicable by the statute of this State. The ruling below was therefore not erroneous and the decision is,

*Exceptions overruled.*