BAY POINT MILL COMPANY, A CORPORATION, *Appellant*, v. D. R. SAUNDERS, *et al., Appellees.*

1.  Exclusive occupancy of land under claim of title and the actual boxing of the pine timber thereon in good faith for any considerable length of time, is possession, and sufficient to sustain an injunction against irreparable injury to the premises by another who subsequently enters without good title.

2.  In a suit to enjoin the cutting and moving of timber from land valuable chiefly for the timber, where the complainants allege "that they are the owners in fee simple and are in possession of" the land, and the answer not under oath admits that one of the complainants "caused men to enter upon and trespass upon said land and box part of the pine timber on said land, but erected no structure upon the said land, and the defendant denies that the plaintiff boxed or caused to be boxed all the timber on said land," and neither complainants nor defendant shows good paper or other title or right to the possession of the land, a decree enjoining the defendant and reserving to defendant "the right to institute such action at law as it may be advised, to recover possession of the said premises," will not be reversed, no error of law appearing.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Sullivan & Sullivan,* for Appellant;

*Maxwell & Reeves,* for Appellees.

WHITFIELD, C. J.—The appellant was enjoined from cutting and removing timber from certain described land as to which the complainants allege "that they are the owners in fee simple and are in possession of;" but the decree reserved to the defendant "the right to institute such action at law as it may be advised, to recover possession of the said premises." The answer of the defendant under its corporate seal admits that the land is valuable chiefly for its timber and that one of the plaintiffs "caused men to enter upon and trespass upon said land and box part of the pine timber on said land, but erected no structure upon the said land, and the defendant denies that the said Saunders boxed or caused to be boxed all the timber on said land." The answer also denies the title and possession of the complainants as alleged, and denies that it unlawfully entered upon the land, but admits that it entered without authority from complainants as it had legal right to do under an averred authority from third parties as the owners in fee of the land. Neither party showed an apparently good paper or other title to or right to the possession of the land. Under these circumstances the court will not be held in error for enjoining the defendant reserving to it the right to proceed at law to recover possession if entitled thereto. Exclusive occupancy of land under claim of title and the actual boxing of the pine timber thereon in good faith for

any considerable length of time, is possession, and sufficient for an injunction against irreparable injury to the premises by another who subsequently enters without good title; and the court may properly leave the question of title to the law courts. See Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69; Reddick v. Meffert, 32 Fla. 409, 13 South. Rep. 894; Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. Rep. 565, 28 L. ed. 1116; Spear v. Cutter, 5 Barb. (N. Y.) 486; 2 Joyce on Injunctions, Paragraph 1139a; 22 Cyc. 831.

The decree is affirmed.

All concur, except HOCKER, J., absent.

Petition for rehearing in this case denied.