FIRST NATIONAL BANK OF QUINCY, A CORPORATION, NORTH GEORGIA NATIONAL BANK, A CORPORATION, AMERICAN NATIONAL BANK OF ASHEVILLE, A CORPORATION, *Appellants,* v. MOSES GUYTON JR., LUCY H. GUYTON, HIS WIFE, GEORGE M. FORMAN, DOING BUSINESS AS GEORGE M. FORMAN & CO., AND JOHN H. CARTER, *Appellees.*—Original Bill.

GEORGE M. FORMAN AND GEORGE M. FORMAN AND HERMAN HACHMEISTER, AS COPARTNERS UNDER THE FIRM NAME AND STYLE OF GEORGE M. FORMAN & CO., *Appellants,* v. FIRST NATIONAL BANK OF QUINCY, A CORPORATION, AMERICAN NATIONAL BANK OF ASHEVILLE, A CORPORATION, MOSES GUYTON JR., AND LUCY H. GUYTON, HIS WIFE, AND JOHN H. CARTER, *Appellees.*—Cross Bill.

Opinion Filed July 6, 1916.

Rehearing denied Aug. 9, 1916.

When a note secured by mortgage is transferred, the mortgage follows the note as an incident thereto, and the transferrer of the note ordinarily has no more right or authority to release the mortgage than he has to cancel the note after the note is transferred.

Appeal from Circuit Court, Jackson County; D. J. Jones, Judge *Pro Hac Vice.*

Decree reversed.

*Paul Carter,* for Appellants;

*Wm. B. Farley,* for Appellees.

PER CURIAM.—Guyton gave three promissory notes to Carter personally and executed to Carter personally a mortgage to secure the payment of the note. Carter transferred one of the notes to each of three different banks, Carter being the president of each bank. Subsequently to the transfer of the notes, Carter personally released a portion of the mortgage in favor of second mortgagees of Guyton. The court gave priority to the second mortgagees over the holders of the notes transferred by Carter and the holders of the notes appealed.

When a note secured by mortgage is transferred the mortgage follows the note as an incident thereto and the transferrer of the note ordinarily has no more right or authority to release the mortgage than he has to cancel the note after the note is transferred. See Scott v. Taylor, 63 Fla. 612, 58 South. Rep. 30; Taylor v. American National Bank of Pensacola, Fla., 63 Fla. 631, 57 South. Rep. 678; Northrup v. Reese, 68 Fla. 451, 67 South. Rep. 136.

In securing or accepting a release of a portion of a prior mortgage in their favor the second mortgagees should ascertain the authority of the original prior mortgagee to make the release, since if the notes which the mortgage secured had passed to another the mortgage rights had also passed as an incident to the debt and an effective release of the mortgage could not be made by the original mortgagee. Carter had no authority to release the mortgage after he had transferred the notes, and his release does not affect the rights of the holders of the notes secured by the mortgage to priority over second mortgagees. Chapter 6909, Acts of 1915, was enacted subsequent to the decree appealed from herein.

The decree is reversed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.

COCKRELL, J., dissents.

### On Petition for Rehearing.

A petition for rehearing having been filed herein and the same having been considered by the Court, it appears to the court that no material matter was overlooked by the Court in its consideration of the cause on the appeal, and there being no question of subrogation properly presented, the appellees' suggestion that subrogation may be involved is not well taken, and the petition for a rehearing is denied.