HATTIE N. STOKELY, *et al.*, *Appellants*, v. MARY B. CONNOR, *et al.*, *Appellees*.

Opinion Filed June 26, 1920.

1. Matters not wholly irrelevant and immaterial should not be expunged from an answer in chancery either upon motion or upon exception for impertinence.

2. No alienee, grantee, assignee, or mortgagee is bound or affected by a judgment or decree in a suit commenced by or against the alienor, grantor, assignor or mortgagor subsequent to the alienation, grant, assignment or mortgage to which he is not a party.

3. The decree determining the rights and interests of the parties in a partition suit is not the final decree.

4. A new party defendant in a partition suit, brought in after the entry of a decree determining the rights and interests in the property of the respective parties then before the court, may set up matters of defense previously pleaded by his grantor who was an original defendant; when it appears that the conveyance was made prior to the commencement of the action though not recorded until after the action was begun; no special circumstances being shown to preclude such defense.

5. Where a new pleading between the original parties is confined strictly to supplemental matter, the answer thereto should likewise be confined to such supplemental matter; but where a new party who is shown to have had an interest in the subject-matter of the suit before the suit was instituted, is brought into a cause he has a substantial right to be heard upon *all matters* which materially affect his property interest.

An Appeal from the Circuit Court for St. Johns County, George Couper Gibbs, Judge.

Order reversed.

*Butler & Boyer,* for Appellants;

*W. W. Dewhurst,* for Appellees.

REAVES, Circuit Judge.—This is the second appearance of this case in this court. The opinion in the former appeal sets out the bill and decree of partition in full, and reference is hereby made to said opinion for an extended statement of the case as it then stood. Stokely v. Conner, 69 Fla. 412, 68 South. Rep. 452.

After the former appeal complainants filed a petition in the Circuit Court for leave to file a supplemental bill, assigning as a reason therefor that, after the mandate had gone down from this court, and after commissioners had been appointed and had filed their report, and exceptions had been filed thereto by the defendants, "discovery was made of the filing in the public office for recording deeds in St. Johns County of a deed of conveyance of the lands sought to be partitioned by the defendant Harry M. Stokely, to one Lewis Shepard, Jr., dated A. D. 1905, but not filed for record until the 27th day of May, A. D.

1914. Wherefore your petitioners are advised that it is necessary to bring the said Lewis Shepard, Jr., and his wife named Edna N. Shepard before this court as parties to this suit."

An order was made granting this petition, whereupon a supplemental bill was filed against the Stokelys (except Harry M., who was dismissed by order of the Chancellor), and also against the new parties, viz: Shepard and his wife. Shepard is shown to be a resident of the State of Missouri, and the Court ordered that an order of publication be made against him and his wife, and that they be thereby brought "before the court to answer said supplemental bill."

The subject matter of the suit is the partition of a tract of land in St. Johns County known as the Miranda Grant. The complainants claim that the property in question was originally granted to one Pedro Miranda, who deeded a one-half undivided interest to Joseph S. Sanchez, that the interest of Sanchez was subsequently sold under execution to one Conner, the ancestor of the complainants and under whom the complainants claim a one-half undivided interest; and the remaining one-half undivided interest was deeded by Pedro Miranda to his daughter Rufina Miranda, who inter-married with one Bisbee, by whom she had several children, and from these children as the heirs at law of their mother, the said Rufina Bisbee, the Shepards obtained title to and now own a one-half undivided interest. The Shepards, on the other hand, claim that the description of the land deeded by Miranda to Sanchez did not include any part of the Miranda Grant, but covered other lands; that the said Miranda conveyed a one-half undivided interest to his daughter Rufina, and died seized of the other one-half

interest, which passed to his said daughter as his sole heir at law, and that the deeds from the Bisbee heirs conveyed to Hattie N. Stokely the whole of said property and not merely an undivided one-half interest therein as alleged by complainants. One of the Stokelys also set up some claim under a tax deed, and it was likewise claimed that the title of the Stokelys had been made secure by adverse possession. All these claims were decided against the Stokelys in the decree of partition, which decree was affirmed by this Court. The new defendants under the supplemental bill, viz. Shepard and his wife answered not only the supplemental matter but the original bill, and set up in their answer the same defenses which the Stokely's had previously set up, and which had been determined against them, and counsel for complainant moved to strike all that part of their answer which related to the subject matter of the original bill, and also excepted to the same portion of the answer, claiming it to be impertinent. The Chancellor overruled the motion to strike, but sustained the exceptions and the cause is now before this court upon an appeal from that order. No point is made in the argument as to whether this answer was properly attacked by motion or by exception, and we shall not discuss that question of practice, but, unless the matter expunged was wholly irrelevant and immaterial, it was improperly stricken upon motion or exception. Ferro Concrete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 South. Rep. 171; Busch v. Baker, 79 Fla. 113, 83 South. Rep. 704; Law v. Taylor, 63 Fla. 487, 58 South. Rep. 844.

The point we must decide, then, is whether the matter expunged from Shepard's answer was material or pertinent to his defense. The answer to this question depends

upon whether Shepard, being brought into the case at the stage of the proceeding heretofore stated, had the right to raise by his answer, and to be heard before the court upon the same questions which had been raised by Stokely, his grantor, and decided against Stokely.

The Stokely-Shepard deed was made long before the bill was filed, but recorded long after the bill was filed. If this deed had been recorded before the bill was filed, and, if this action had been prosecuted to a final decree without making Shepard a party, it is clear that his rights would not have been affected by the action.

"No alienee, grantee, assignee or mortgagee is bound or affected by a judgment or decree in a suit commenced by or against the alienor, grantor, assignor, or mortgagor subsequent to the alienation, grant, assignment or mortgage to which he is not a party." Logan v. Stieff, 36 Fla. 473, 18 South. Rep. 762; Austin v. Hoxsie, 44 Fla. 199, 32 South. Rep. 878; Reddick v. Moffert, 32 Fla. 409, 13 South. Rep. 894; Henderson v. Chaires, 25 Fla. 26, 6 South. Rep. 164.

If this rule is not to apply in this case, it must be because (1) Stokely failed to record his deed until after the action was begun or (2) because he was brought into the cause as a party before the final decree. The decree determining the rights and interests of the parties in a partition suit is not the final decree notwithstanding it finds and fixes the equities of the respective parties. Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722.

From the brief of counsel for appellees we quote as follows: "Shepard is entitled to his day in court. That is what he has been brought into this case for. It is

admitted that, if he had not been made a party, the decree made in this cause, that complainants had title to one-half the grant and Hattie N. Stokely had title to the other half, would not have been binding on Shapard;" and again, "because of the rule of law that one not a party to a suit is not bound by a judgment or decree therein unless such party's rights accrued subsequent to the beginning of the suit, and so are bound by the Lis Pendens, the appellant, Lewis Shepard, Jr., has been brought into this suit before a final decree for the purpose of making the decree binding on him."

The incoherency of these statements lies in the fact that the decree, which counsel admits would not have bound Stokely had he not been brought into the case, had been rendered before he was brought in and it is not apparent how Stokely can be bound by what transpired in the progress of the suit before he was made a party, if he would not have been bound by the result of the suit had the same been concluded without making him a party. To bring a party into court and then refuse to hear his defense on the ground that the court had previously heard the same question raised by another defendant not representing the same interest is hardly giving one his day in court, either in name or in fact. Such procedure in effect says, you are entitled to be heard but the court refuses to hear you. It is argued, however, that the supplemental bill prays that complainants may have the benefit of all of the prior proceedings, and that the new defendant, by the prayer of the bill, and also by the wording of the court's order permitting the filing of the bill, was only required to answer the supplemental matter, and likewise that the practice in such cases requires only that the supplemental matter be answered. But this

is not the ordinary case of a supplemental bill. In fact the subject matter of the bill appears to class it as rather an amendment than as a supplement. It brings to the attention of the court conditions that obtained before the action was instituted, and is not confined to matters transpiring thereafter, and it brings in new parties who appear to have owned an interest in the land in question before the action was instituted.

If the new pleading had been confined strictly to supplemental matter between the original parties it is clear that the answer should have been likewise confined to the supplemental matter; but where a new party who is shown to have had an interest in the subject matter of the suit before the suit was filed is brought into a cause it is obvious that to confine his answer to the new matter is to deprive him of the substantial right to be heard upon matters, which vitally affect his property interests, and no rule of procedure can be so applied as to adjudicate one's property rights without giving him a hearing. Shepard was either bound or he was not bound by the adjudication against Stokely, his grantor. If bound it was unnecessary to have made him a party to the suit, and, if not bound, he had the right, after being brought into the suit, to be heard upon the same matters of defense, so far as they were applicable to him, which Stokely had previously pleaded.

It is suggested that Harry M. Stokely has trifled with the court by withholding information of the Shepard deed and claiming that the title once held by him had been reconveyed to his mother, Hattie N. Stokely. This may be true, but Shepard's then existing rights can not be forfeited by Stokely's conduct.

Upon the question of how the rights of Shepard were affected by his failure to record his deed until after the suit had been instituted counsel cites the case of Smith v. Hodson, 78 Mo. 180, 3 Atl. Rep. 276.

The folowing quotation from the opinion in that case fairly explains the holding:

"This plaintiff's deed, although given before, was not recorded till after, the commencement of the real action in which this defendant claimed title to the land—'and by Rev. St. c. 73, Sec. 8,' no conveyance * * * is effectual against any person except the grantor, his heirs, and devisees, and persons having actual notice thereof, unless the deed is recorded' as therein provided. Elizabeth Hodson was not one of those embraced within the exception named within the foregoing statutory provision. Nor is it claimed that she had notice of that conveyance prior to the commencement of her suit in which her title to the land was established. * * * This deed, then unrecorded, could not be effectual against the plaintiff in that suit, the defendant in this. It was recorded during the pendency of proceedings in which the plaintiff therein established her title to these premises; hence this plaintiff can be regarded in no other light than as a purchaser pendente lite.'

It will be noted that the effect of the statute requiring conveyances to be recorded as quoted in this opinion is much broader than our statute. The Florida statute, Sec. 2480, General Statutes, 1906, provides that no conveyance shall be good "against creditors of subsequent purchasers for valuable consideration, and without notice unless the same be recorded according to law." The complainants in this cause are neither purchasers from nor

creditors of Stokely, Shepard's grantor. Moreover we are not advised whether or not a notice of the pending suit had been filed and recorded as required by Sec. 1649 of the General Statutes; without which "no suit * * * shall operate as a Lis Pendens as to any property involved therein." Cole v. Lee, 57 Fla. 387, 49 South. Rep. 1017; Perkins v. Ogilvie, 140 Ky. 412, 131 S. W. Rep. 200; Snow v. Russell, 94 Mo. 322, 47 Atl. Rep. 536; 25 Cyc. 1465; Penn. Naval Stores Co. v. Cox, 57 Fla. 505, 49 South. Rep. 191.

The record, as it is brought here, does not affirmatively show that Shepard would have been concluded by the final decree if he had not been made a party; counsel for the respective parties seem to agree that he would not and we must assume that he would not; and if not, then he certainly has the right to be heard upon all questions which materially affect his interest, including the question whether the conveyance under which he claims carries the whole or only a one-half undivided interest in the said land.

Complainants complain in their brief, of the order of the court dismissing Harry M. Stokely and overruling exceptions for insufficiency to the answers of Wells R. Stokely and Hattie N. Stokely, to the supplemental bill, but in as much as no assignment of error is predicated thereon we do not consider whether such complaint is well founded or not.

The order sustaining the exceptions to the answer of Lewis Shepard, Jr., should be reversed.

Per Curiam.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court

as its opinion, it is considered, ordered and adjudged by the court that the order herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.