FLORIDA TRUST & BANKING COMPANY, *Appellant*, v. J. H. HANCOCK, *Appellee*.

Division A.

Opinion filed March 19, 1929.

*Treadwell & Treadwell*, for Appellant;

*Leitner & Leitner*, for Appellee.

ELLIS, J.—J. H. Hancock exhibited his bill in chancery in the Circuit Court for DeSoto County against J. O. Addison and his wife, Ellen, J. F. Addison, L. A. Addison and the Florida Trust and Banking Company. The suit was instituted to enforce a mortgage lien upon certain land located in DeSoto County.

The material allegations in substance are that on June 6th, 1914, J. F. and J. O. Addison gave to L. A. Addison their note for $900.00, payable three years after date with interest at the rate of ten per cent per annum from date and executed a mortgage upon the described land to secure the payment of the same; that on the same day on which the note and mortgage were executed the note "was sold and assigned" by L. A. Addison to complainant; that the makers of the note had not paid it but on June 27, 1914,

they paid $100.00; on July 6, 1914, they paid $50.00 "and on .... day of......1914, $300.00."

The bill contains the usual prayers in such cases. It was filed in October, 1926.

The bank answered that when J. F. and J. O. Addison executed the mortgage they owned only "an undivided one-half in an undivided two-thirds interest in the property" mortgaged. The remaining interest was owned by L. A. Addison, the mortgagee; that the mortgage was satisfied in full and the debt secured thereby fully discharged on August 27, 1915, by a conveyance of the property by J. F. and J. O. Addison to L. A. Addison, of which fact the complainant was advised; that if there is any debt due upon the note at all it is only $450.00 and interest from the maturity date, which is June 6, 1917; that averment is fully established by the note itself which is made a part of the bill and the endorsements of payments upon the back of it; that in March, 1916, L. A. Addison mortgaged the property to L. O. Milbrath to secure a note for the sum of $1000.00; that mortgage was foreclosed and L. A. Addison was made a party defendant in the suit.

It is averred that when the Milbrath mortgage was foreclosed the records of DeSoto County showed that all the interests in the property had become merged in L. A. Addison, who appeared from such records to be the "owner and holder of the entire interest in said property, free from all incumbrances except a mortgage for a small sum securing the note held by Mrs. J. H. Hancock, and that the banking company "purchased the same subject to said mortgage only."

The complainant moved to strike the answer and the motion was granted, from which order the Florida Trust and Banking Company appealed.

The only point presented by the answer is that Milbrath,

mortgagee from L. A. Addison, acquired a lien by his mortgage superior to the one which had been placed upon the property by J. F. and J. O. Addison to L. A. Addison in 1914, because in August, 1915, L. A. Addison acquired the interests in the property held by J. F. and J. O. Addison; that as the public records did not disclose the assignment to Hancock by L. A. Addison of the J. F. and J. O. Addison note Milbrath's interest was not affected by Hancock's claim.

The last clause in the answer, however, is so ambiguous as to destroy the force of that point. From anything appearing to the contrary, the "mortgage for a small sum securing the note held by Mrs. J. H. Hancock," subject to which the bank purchased the property at the Milbrath foreclosure, was the note and mortgage sought to be foreclosed in the present suit.

While the answer avers that when the foreclosure of the mortgage held by Milbrath occurred, L. A. Addison was the "record owner and holder of the note and mortgage sought to be foreclosed," it does not negative the idea that Milbrath knew that J. H. Hancock held the first mortgage when Milbrath acquired his mortgage, nor does the answer aver that the bank had no such information when it became the purchaser at the foreclosure sale.

We think the order sustaining the motion to strike the answer was without error, so the order appealed from is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.

STRUM, J., absent on account of illness.