THE FLORIDA TRUST & BANKING COMPANY, a corporation organized and existing under the laws of the State of Florida, J. O. ADDISON, ELLEN ADDISON, J. F. ADDISON and L. A. ADDISON, *Appellants,* v. J. H. HANCOCK, *Appellee.*

Division A.

Opinion filed April 21, 1931.

*Treadwell & Treadwell,* for Appellants;

*Leitner & Leitner,* for Appellee.

ELLIS, J.—This is the second appearance of this case in the Supreme Court. In each instance the difficulty of presenting the question of the validity of the lien of a

first mortgage as against the purchaser of the property mortgaged at a foreclosure sale under a subsequently dated mortgage by the mortgagee in the first mortgage who acquired the interest mortgaged by the mortgagors of that interest seems insurmountable. Taking the allegations of the bill and the averments of the answer together the following situation is apparent:

On June 6, 1914, L. A. Addison owned an undivided two-thirds interest in certain lands in DeSoto County. J. F. and J. O. Addison owned an undivided one-third interest. The two latter owed L. A. Addison nine hundred Dollars and executed their promissory note to him for that amount payable three years after date and secured by a mortgage upon their one-third interest in the land. The mortgage was duly recorded on July 8, 1914.

Before the mortgage was recorded, on the day it was executed, L. A. Addison "sold and assigned" the note to J. H. Hancock. Before the latter part of the year 1914 half of the debt was paid. On the 27th of August, 1915, L. A. Addison acquired by purchase from J. F. and J. O. Addison their one-third interest in the land so that L. A. Addison became the owner of the entire interest in the land and the lien of the mortgage he held from J. F. and J. O. Addison became merged in his title. On March 10, 1916, L. A. Addison owed L. O. Milbraith one thousand dollars evidenced by his note to Milbraith for that amount and secured the payment of it by executing a mortgage upon the property to which he had previously acquired the entire interest. The Addison-Milbraith mortgage was foreclosed by a suit instituted by Milbraith against Addison. J. H. Hancock appeared as solicitor "for all the defendants". At the foreclosure sale the Bank became the purchaser of the land. During that suit J. H. Hancock

gave no notice or warning that he held the original mortgage lien by reason of the assignment to him of the debt from J. F. and J. O. Addison to L. A. Addison. When Milbreath took the mortgage from L. A. Addison and at the time of the foreclosure proceedings he had no notice of Hancock's claim and the public records of the county disclosed no such claim or interest in him; that at the time of the purchase of the property the Bank had no knowledge or information of the Hancock claim.

On October 22, 1926, J. H. Hancock began his suit to foreclose the first mortgage and made J. O. Addison and his wife, J. F. Addison and L. A. Addison, and the Bank parties defendant.

The first answer interposed by the Bank was deficient in clearness on the point whether the "mortgage for a small sum securing the note held by Mrs. J. H. Hancock" subject to which the bank purchased the property was not in fact the same note and mortgage involved in the suit, nor did the answer negative the idea that Milbraith knew of the J. H. Hancock claim when the former acquired the mortgage from L. A. Addison nor that the Bank knew of its existence when it became the purchaser of the land at the foreclosure sale. See Florida Trust & Banking Co. v. Hancock, 97 Fla. 379, 120 South. Rep. 847.

On May 6, 1929, the Bank interposed its separate and amended answer in which all the ambiguities and uncertainties of the first answer were cleared. The complainant excepted to certain portions of the answer and moved to strike such portions also. The chancellor sustained the exceptions and granted the motion to strike. The clauses in the amended answer which were objectionable to complainant related to the averments that the records of De-Soto County showed that the mortgage to Milbraith showed

that it was a first and superior lien upon the land and that defendant's search of the record had failed to reveal the existence of any outstanding lien superior to the mortgage to Milbraith. Also to the averment that the Bank at the foreclosure sale under the Milbraith mortgage had no notice that the complainant Hancock was the owner of the L. A. Addison note and mortgage under an assignment from him; also to the averment that the complainant Hancock was advised of the foreclosure proceedings in the Milbraith suit and entered his appearance for all the parties and failed to give any notice of his claim; also to the averment that Milbraith had no knowledge at the time he began his foreclosure proceedings against Addison of the interest claimed by Hancock; also to the averment that the complainant made a full and complete examination of the public records which showed then and now that the complainant had no right or title as assignee or otherwise of the note and mortgage from J. O. and J. F. Addison but on the contrary that the same were owned by L. A. Addison.

The objections were not merited because the averments tended to show that the Bank had exercised reasonable effort and some precaution to ascertain the ownership of the J. O. and J. F. Addison note and mortgage. The averments were not complete but so far as they reached they tended to show diligence. They were not in other words wholly irrelevant for any purpose. See Southern Ferro Concrete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 South Rep. 171; Stokely v. Conner, 80 Fla. 89, 85 South. Rep. 678.

Nor were the exceptions in conformity to the proper mode of taking exceptions to an answer. See Hunt v. Turner, 54 Fla. 654, 45 South. Rep. 509; Boca Grand Investment Co. v. Blanding, 77 Fla. 536, 81 South Rep. 886.

The question presented aside from the technique of chancery pleading is: assuming that Hancock had acquired the J. O. and J. F. Addison debt evidenced by the note to L. A. Addison and the mortgage along with it, was he estopped by any fact averred in the answer from asserting his claim against the Bank?

The complainant waited nine years and almost five months after the due date of the note before seeking to enforce the security. Chapter 6909 Acts of 1915, Section 1 of which appears in Compiled General Laws of 1927 as Section 5744, provides that no assignment of a mortgage upon real property or any interest therein shall be good or effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law. But the assignment of the J. F. and J. O. Addison mortgage to Hancock occurred before the enactment of that law and this Court in Harris v. Robertson, 77 Fla. 214, 81 South. Rep. 224, said that the act was not effectual as against a bona fide purchaser of negotiable notes secured by mortgage who became the holder of the notes before the act became a law. See also First Nat. Bank of Quincy v. Guyton, 72 Fla. 43, 72 South. Rep. 460.

We are of the opinion therefore that while the defenses set up in the answer by the paragraphs to which exceptions were taken were not wholly irrelevant and should not have been stricken, yet they did not constitute a complete defense and as the answer is supposed to be full and complete and constitute a perfect defense to the bill no harm was committed by sustaining the exceptions or striking the portions of which complaint was made.

So the order appealed from is affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.