363 So.2d 1125 (1978)
CORRY CONSTRUCTION CO., INC., Appellant,
v.
HECTOR CONSTRUCTION COMPANIES, INC., Will-O-Wick, Inc., and Royal Indemnity Co. of New York, Appellee.
No. II-45.
District Court of Appeal of Florida, First District.
October 17, 1978.
*1126 Charles L. Cetti of Cetti & McGraw, Pensacola, for appellant.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee.
SMITH, Acting Chief Judge.
Corry, a mechanic's lien claimant under Chapter 713, Florida Statutes (1977), appeals from a circuit court judgment dismissing Corry's claim against Royal Indemnity Co. on a transfer bond provided under Chapter 713.24. Corry previously was awarded a final judgment against Will-O-Wick, Inc., the apparent owner of the project to which Corry furnished labor and materials, establishing a Chapter 713 lien in the amount of $19,768.34, including costs and attorney's fees assessed under Section 713.29. The October 1974 judgment against Will-O-Wick, Inc. became final, as Will-O-Wick, Inc. did not appeal; and Corry was granted leave to file a further complaint in the same action against Royal Indemnity Co., on account of its transfer bond.
In answer to Corry's amended complaint, Royal Indemnity Co. urged that Corry had no claim against the transfer bond because the present record title holder of the improved real property, Will-O-Wick Apartments, an Illinois limited partnership, had not been a party to the earlier suit and was not bound by the judgment. Evidence at the subsequent trial before the court demonstrated that Will-O-Wick, Inc., the original owner to whom Corry provided a notice of intent to claim a lien in December 1972, deeded the subject property to Will-O-Wick Apartments in April 1973. Corry's claim of lien filed in May 1973 erroneously claimed Will-O-Wick, Inc. as owner. Notwithstanding the transfer of title, the partnership *1127 Will-O-Wick, joined by appellee Royal Indemnity Co. as surety, executed a transfer bond in favor of Corry in August 1973, reciting Corry's filing of a claim of lien in May 1973, "against certain real property owned by WILL-O-WICK APARTMENTS, an Illinois Limited Partnership," and reciting the partnership's desire to discharge the claim of lien by giving a bond pursuant to Section 713.24.
The judgment exonerating Royal Indemnity Co. recited that there was insufficient evidence showing "the necessary privity to hold Will-O-Wick Apartments, a limited partnership, responsible for the judgment entered against Will-O-Wick, Inc... ." Apparently the trial court was of the view that Royal Indemnity Co.'s liability depended on a showing that Corry's claim of lien was directly enforceable against the partnership Will-O-Wick, or that the insularity of the corporate Will-O-Wick should be penetrated and its liability attached to the partnership.
On appeal, Corry first urges that its claim of lien need not be directly enforceable against the limited partnership for Corry to recover against Royal. Corry notes that the lien transfer bond was conditioned solely upon Corry obtaining a judgment in satisfaction of its claim of lien, not a judgment against the owner of the property. In the alternative, Corry urges that the limited partnership should be bound by the judgment against Will-O-Wick, Inc. Corry argues that the notice of intent to claim a lien, filed in December 1972, effectively commenced the proceeding to foreclose Corry's lien before the conveyance to the limited partnership, and that the partnership had actual knowledge of the claim of lien at the time of the conveyance. In opposition, Royal does not defend the court's finding of no privity. Royal urges that Corry, having given no notice to the limited partnership of its intention to claim a lien, having failed to claim a lien as against the limited partnership, and having failed to obtain a judgment enforcing its lien against the limited partnership, has no claim under the Royal Indemnity Co. bond.
We consider that the judgment below must be affirmed for two reasons. First, Corry's lien did not attach to the improved real property before Will-O-Wick, Inc. conveyed that property to the limited partnership, Will-O-Wick Apartments. Thus the partnership's interest has priority over the lien. Section 713.07(3) provides that a mechanic's lien "shall have priority over any conveyance, encumbrance or demand not recorded against the real property prior to the time such lien attached as provided herein, but any conveyance . . recorded prior to the time such lien attaches ... shall have priority over such liens." As a subcontractor, Corry's lien's priority is governed by Section 713.07(2) which provides that a lien shall attach and take priority at the time the owner files a notice of commencement, or, absent such a filing, at the time the claim of lien is recorded. Corry does not contend that Will-O-Wick, Inc. filed a notice of commencement. The record on appeal shows only that Corry filed a claim of lien on May 21, 1973. The record also contains copies of the warranty deed conveying the property in question from the corporate Will-O-Wick to the limited partnership. That deed bears a notation that it was filed and recorded in Escambia County on April 16, 1973, more than a month before Corry's claim of lien was filed. As a result, the limited partnership's interest is not subject to sale to satisfy Corry's claim. See Page Heating & Cooling, Inc. v. Goldmar Homes, Inc., 338 So.2d 265 (Fla. 1st DCA 1977).
Corry urges that the limited partnership is bound by the judgment against Will-O-Wick, Inc. because the partnership had actual knowledge of a lien on the property when the deed was executed. But under the statute a grantee's knowledge, actual or constructive, is irrelevant. A lien has priority if it attaches to the real property, as provided in the statute, before a conveyance is recorded. In this case, the conveyance preceded the attachment.
Second, even if Corry had filed its claim of lien before the conveyance, Corry could not foreclose the limited partnership's *1128 interests in the improved real property because Corry commenced the foreclosure action after the conveyance, and the limited partnership was not made a party. It is fundamental that a grantee is not bound by a judgment against the grantor in a suit commenced after the conveyance when the grantee was not joined as a party. Stokely v. Conner, 80 Fla. 89, 85 So. 678 (1920). A suit to foreclose a mechanic's lien commences, as with any other suit, "when the complaint or petition is filed" in court, Fla.R. Civ.P. 1.050; not, as Corry urges, when a subcontractor files a notice of intent to claim a lien with the owner.
Since more than one year has elapsed since Corry filed its claim of lien, Corry cannot now begin an action against the limited partnership. Section 713.22(1) requires that actions to enforce a claim of lien commence within one year after the claim of lien is recorded. At the end of the statutory one year period, the right of action is extinguished. Regal Wood Products, Inc. v. First Wisconsin Nat. Bank of Milwaukee, 347 So.2d 643 (Fla. 4th DCA 1977); Harris Paint Co. v. Multicon Properties, Inc., 326 So.2d 43 (Fla. 1st DCA 1976).
Corry urges that the existence of the lien transfer bond relieves Corry of any requirement to establish a valid claim of lien against the record title holder. We do not agree. It is true that Royal's bond explicitly expressed its obligation to "pay any judgment or decree to the satisfaction of the lien for which said Claim of Lien was recorded," referring to Corry's May 21, 1973, claim of lien which was enforced by the final judgment entered October 4, 1974 against Will-O-Wick, Inc. The transfer bond filed by the limited partnership and Royal had the effect prescribed for such a bond by Section 713.24, releasing the property of any lien resulting from Corry's furnishing of labor and materials and its filing of appropriate notices and claims. But the statute does not release the lien claimant from the requirement to prove all the conditions precedent to the perfection and enforcement of his lien against the improved real property. Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1977); McGuire v. Consolidated Electrical Supply, Inc., 329 So.2d 411 (Fla. 4th DCA 1976).
The judgment is AFFIRMED. Corry's motion for fees on account of appellate legal services is DENIED.
MELVIN and BOOTH, JJ., concur.