338 So.2d 265 (1976)
PAGE HEATING & COOLING, INC., a Florida Corporation, Appellant,
v.
GOLDMAR HOMES, INC., et al., Appellees.
No. AA-345.
District Court of Appeal of Florida, First District.
October 18, 1976.
Theodore R. Bowers, Panama City, for appellant.
Stephen H. Kurvin and John F. Daniel of Sale, Bryant, Daniel & Thompson, and Gary W. Tennyson, Panama City, for appellees.
BOYER, Chief Judge.
Appellant, plaintiff in the trial court, is a materialman seeking to enforce a mechanics' lien for improvements upon real property. Suit was filed against appellees Goldmar Homes and Richard E. and Kathy A. Deck. After a default was entered against Goldmar Homes, the cause came on for trial *266 between appellant and appellees, Richard E. and Kathy A. Deck. Although a jury heard all of the evidence presented, the trial court dismissed the jury at the close of the presentation of the evidence and rendered judgment in favor of the Decks, dismissing appellant's cause of action with prejudice and ordering appellant to pay the Decks attorneys' fees and court costs within 30 days of the date of the order.
A brief summary of the relevant facts is necessary for a full understanding of the legal issues involved. Appellant, an independent contractor engaged in the business of installing and maintaining heating and air-conditioning equipment, entered into a contract to furnish and install central heating in a home being constructed by Goldmar Homes, Inc., which, although a defendant in the trial court, is not directly involved in this appeal. At the time appellant commenced work on the project (November 1, 1974), as well as on the date the work was completed (January 13, 1975), Goldmar Homes was the sole owner of the real property being improved. On March 13, 1975, Goldmar Homes conveyed the property by warranty deed to appellees, Richard E. and Kathy A. Deck. On April 14, 1975, appellant filed a claim of lien pursuant to F.S. 713.08. Appellees, Mr. and Mrs. Deck, sent a notice of contest of lien, dated May 13, 1975, to appellant. Appellant filed its action to enforce the lien on July 15, 1975.
Essentially, the facts of this case raise the issue of whether appellant is entitled to a lien on the property where the new owners (appellees) acquired a warranty deed to the property before appellant filed its claim of lien and where no notice of commencement was filed. Appellant primarily argues that since the claim of lien was recorded within 90 days after the final furnishing of labor and materials[1] as required by F.S. 713.08(5), its claim of lien should be effective against purchasers who acquire their interest from the original owner within the said 90 day period. See Crane Co. v. Fine, Sup.Ct.Fla. 1969, 221 So.2d 145. Appellees assert that their interest acquired by a warranty deed has priority over that of appellant's who neglected to file its claim of lien until thirty days after the recording of the warranty deed. Appellees rely on two statutes to support the foregoing conclusion, to-wit: F.S. 713.05 which states that no lien under that section shall be acquired until a claim of lien is recorded, and F.S. 713.07(3) which states that any conveyance recorded prior to the time that a lien attaches any proceeds thereof has priority over the lien.
It is unfortunate that in the case sub judice, one of two relatively innocent parties, a materialman who furnished services and labor in good faith and owners of real property who purchased the property without notice of an unpaid materialman's claim, must suffer. Our reading of the statutes indicates that the legislature has resolved this dilemma in favor of appellees by virtue of F.S. 713.07(3) as paraphrased above. Appellant may, of course, proceed on its default judgment against Goldmar Homes.
We have considered the remainder of the points raised by appellant on appeal and have found them to be without merit. Accordingly, the decision of the trial court is
AFFIRMED.
McCORD and SMITH, JJ., concur.
NOTES
[1] To be precise, appellant filed its claim of lien on the 91st day from the date of the final furnishing of labor and services, but, as the 90th day fell on a Sunday, the filing of the claim of lien on the next day was sufficient to constitute compliance with the statute.