**In re CONTINENTAL COUNTRY CLUB, INC., Debtor.**

**Bankruptcy No. 85–105–BK–J–GP.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 21, 1986.

First Supplemental Order Aug. 13, 1986.

Second Supplemental Order
Aug. 14, 1986.

178

Don M. Stichter, Tampa, Fla., for debtor.

Terrance E. Schmidt, Jacksonville, Fla., for Redman Homes, Inc.

Richard W. Hennings, Tavares, Fla., for Nash and Suter.

## ORDER

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS CAUSE came on for hearing on the Objections to Claims filed herein by the Debtor and Redman Homes, Inc., the Emergency Motion to Continue filed by Na-Con Services, Inc., the oral motion for leave to respond to discovery and continuance made at the hearing by Lucile Rabin, and the oral stipulations for continuance between the Debtor, Redman Homes, Inc., Environmental Marketing Group, Inc., and Bill Gregory Excavating, Inc., made at the hearing, and the Court having considered the evidence and arguments of counsel and being otherwise fully advised in the premises, it is

ORDERED that:

1. The following secured proofs of claim are disallowed as secured claims and allowed as unsecured claims except to the extent they may hereafter be allowed as priority claims pursuant to § 507(a)(6), Bankruptcy Code:

| POC # | Claimant(s) | Amount |
| --- | --- | --- |
| 26 | Robert E.L. & Beverly J. Roy | 4,724.50 |
| 45 | Leon & Eleanor Touchon | 5,500.00 |
| 211 | Louis G. & Jean G. Scott | 12,070.00 |

| POC # | Claimant(s) | Amount |
| --- | --- | --- |
| 277 | Robert & Faye L. Willen | 21,556.36 |
| 567 | Julia R. Babbidge | 21,807.00 |
| 592 | Margaret Chenette | 35,600.60 |
| 656 | Robert A. & Gwendolyn L. Freeman | 4,455.06 |
| 668 | Louise M. DeNies | 20,984.55 |
| 682 | Ralph & Melvina C. Lamberton | 49,034.96 |
| 683 | Marjory L. Jones | 31,436.00 |
| 694 | Myrus S. & Wilhelmein N. Nelson | 4,619.50 |
| 698 | Robert F. & Thelma Dombrowe | 25,248.35 |

2. Claimants Freeman and Lamberton shall have until Monday, July 21, 1986, by which to submit a memorandum as to their § 507(a)(6) claims and the Debtor and Redman Homes, Inc., shall have ten (10) days thereafter to submit responsive memoranda if they so desire.

3. The oral motion for leave to respond to discovery and continuance by Lucile Rabin, Proof of Claim No. 67, is granted and the hearing shall be continued to August 4, 1986, at 5:00 p.m.

4. The following secured proof of claims are disallowed as secured claims and allowed only as unsecured claims in the amounts set forth below:

| POC # | Claimant(s) | Amount |
| --- | --- | --- |
| 92 | Andre & Denise Lavery | 1,078.00 |
| 452 | Harold E. & Virginia M. Knowlton | 2,387.67 |
| 455 | Coleman Distributing | 7,214.64 |

5. The hearing on the objection to secured Proof of Claim No. 268 filed by Na-Con Services, Inc., is continued to September 2, 1986, at 5:00 p.m.

6. The Court defers ruling on the objection to secured Proof of Claim No. 228 filed by George J. Nash, Inc., pending submission of memoranda by counsel for the respective parties, such memoranda to be submitted by Monday, July 21, 1986.

7. The secured Proof of Claim No. 175 filed by Tri-City Aluminum Products, Inc., is disallowed as a secured claim and allowed only as an unsecured claim in the amount of $111,674.48.

8. The objection to secured Proof of Claim No. 341 filed by Southeast Bank, N.A., is dismissed without prejudice to the right of the Debtor or Redman Homes,

Inc., to file an adversary proceeding to determine the validity, priority and extent of the lien of Southeast Bank, N.A., described in the objection to its claim.

9. The secured Proof of Claim No. 229 filed by Suter Air Conditioning,. Inc., is disallowed as a secured claim and allowed as an unsecured claim to the extent of $31,111.00, allowed as a secured claim to the extent of $32,262.63, and the Court reserves ruling on the objections to $6,048.36 of the secured proof of claim pending the submission of memoranda by counsel for the respective parties, such memoranda to be submitted by Monday, July 21, 1986.

10. Hearing on the objection to secured Proof of Claim No. 702 filed by Environmental Marketing Group, Inc., is continued until September 3, 1986, at 5:00 p.m.

11. Hearing on the objection to secured Proof of Claim No. 227 filed by Bill Gregory Excavating, Inc., is continued until further order of this Court.

## SUPPLEMENTAL ORDER TO COURT'S ORDER OF JULY 21, 1986

On July 21, 1986, the Court disallowed the following claims as secured except to the extent that they may thereafter be allowed as priority claims pursuant to 11 U.S.C. § 507(a)(6):

| POC # | Claimant(s) | Amount |
|---|---|---|
| 26 | Robert E.L. and Beverly J. Roy | $ 4,724.50 |
| 45 | Leon and Eleanor Touchon | 5,500.00 |
| 211 | Louis G. and Jean G. Scott | 12,070.00 |
| 277 | Robert and Faye L. Willen | 21,556.36 |
| 567 | Julia R. Babbidge | 21,807.00 |
| 592 | Margaret Chenette | 35,600.60 |
| 656 | Robert A. and Gwendolyn L. Freeman | 4,455.06 |
| 668 | Louise M. DeNies | 20,984.55 |
| 682 | Ralph and Melvina C. Lamberton | 49,034.96 |
| 683 | Marjory L. Jones | 31,436.00 |
| 694 | Myrus S. and Wilhelmein N. Nelson | 4,619.50 |
| 698 | Robert F. and Thelma Dombrowe | 25,248.35 |

The sole issue now to be decided is whether a husband and wife are each entitled to a $900.00 priority claim pursuant to 11 U.S.C. § 507(a)(6) when a joint deposit was made under a single contract to purchase a mobile home.

Section 507 states:

(a) The following expenses and claims have priority in the following order:

(6) Sixth, allowed unsecured claims of individuals, to the extent of $900 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

The plain language of this statute states that *each* individual is entitled to a priority claim in the amount of $900 if they otherwise meet the parameters of § 507(a)(6). The only case found that is directly on point is *In re James R. Corbitt Co.*, 48 B.R. 937 (Bkrtcy., E.D.Va.1985).

In *Corbitt*, the court stated that "[i]t is axiomatic that words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary." *Id.* at 939, citing, *Burns v. Alcala*, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975). The trustee in *Corbitt* argued that the court should disregard the plain language and look to the legislative history of § 507(a) which indicates a congressional intent to limit § 507(a)(6) to consumer transactions with retail merchants. *Id.* The court rejected this argument finding that the policy to protect the consumer is met whether the situation involves a retail or home purchase since in either situation the experience of the prospective buyer versus the seller is on the same level. *Id.* at 940. The court overruled the trustee's objection finding the arguments insufficient to enable the court to ignore the plain language of § 507(a)(6).

Redman Homes argues that neither the legislative history or caselaw support converting a $900 priority claim into an $1,800 claim simply because the deposit was made by a husband and wife jointly. To hold that each spouse is entitled to a $900 priority claim could result in inconsistent inter-

pretations depending upon the evidence, i.e., whether the evidence showed that the deposit was drawn on one spouse's individual account or on their joint account, or whether one spouse was the sole source of income for the family.

Although Redman Homes expresses legitimate concerns, the arguments are insufficient for the Court to ignore the plain language of § 507(a)(6) which entitles *each individual* to a priority claim of $900. If Congress had intended to limit the $900 priority claim to each transaction entered jointly by a husband and wife then it could have explicitly stated this.

Accordingly, the objections of Redman Homes, Inc., and debtor to the § 507(a)(6) priority status are overruled. Each of the following claimants are allowed a $900 priority claim: Robert E.L. Roy, Beverly J. Roy, Leon Touchon, Eleanor Touchon, Louis G. Scott, Jean G. Scott, Robert Willen, Faye L. Willen, Julia R. Babbidge, Margaret Chenette, Robert A. Freeman, Gwendolyn L. Freeman, Louise M. DeNies, Ralph Laberton, Melvina C. Laberton, Marjory L. Jones, Myrus S. Nelson, Wilhelmein N. Nelson, Robert F. Dombrowe, and Thelma Dombrowe.

## SECOND SUPPLEMENTAL ORDER TO THE COURT'S ORDER OF JULY 21, 1986, AND SUSTAINING OBJECTIONS TO CLAIMS OF GEORGE J. NASH, INC., AND SUTER AIR CONDITIONING, INC.

This matter came before the Court on the objections to claim # 228 of George J. Nash, Inc., and to claim # 229 of Suter Air Conditioning, Inc., filed by debtor and Redman Homes, Inc. Both claimants filed secured claims based on recorded mechanics' liens. The objections to the entire $70,414.10 secured claim filed by Nash and to $6,048.36 of the secured claim filed by Suter.

### I. *Background*

Prior to the filing of the petition on February 12, 1985, both Nash and Suter provided materials or services to Continental Country Club mobile home park. Nash furnished water mains, drainage facilities, sewers and utilities at the park. Suter installed air conditioning units in the mobile homes. Since Nash's work benefited all the lots in the mobile home park, its mechanic's lien claim is governed by Florida Statute § 713.04 (subdivision improvements). Suter's work benefited only the individual lot on which improvements were made and it is in privity with debtor, therefore, its lien claim is governed by Florida Statute § 713.05 (liens of persons in privity).

Both §§ 713.04 and 713.05 grant one who performs services or furnishes materials the right to a lien on the real property for any money that is owed for such services or materials. The difference between the two statutes is the time the lien attaches and takes priority. A lien based on Florida Statutes § 713.04 attaches and takes priority as of the date the claim of lien is recorded. F.S.A. § 713.07(1). A lien based on Florida Statute § 713.05 attaches and takes priority as of the date a notice of commencement was recorded but if no notice was filed then the date the claim of lien is recorded. F.S.A. § 713.07(2).

Suter recorded its claim of lien on February 13, 1985, and Nash recorded two claims of lien on March 11, 1985. Suter's lien takes priority as of February 13, 1985, since there is no notice of commencement recorded which corresponds to its claim. Accordingly, both liens attached post-petition and took priority over any subsequently recorded conveyance, encumbrance or demand as of the date the claim of lien was recorded. See F.S.A. § 713.07(3); see also, *G.W. Martin Seawall, Inc. v. Flagship First Nat. Bank of Miami,* 388 So.2d 623 (Fla. 4th DCA 1980); *Corry Const. Co. v. Hector Const. Companies,* 363 So.2d 1125 (Fla. 1st DCA 1978); and *Page Heating & Cooling, Inc. v. Goldmar Homes, Inc.,* 338 So.2d 265 (Fla. 1st DCA 1976). Notwithstanding bankruptcy, Suter's lien takes priority over Nash's lien since it was recorded first. See F.S.A. § 713.07(3).

One remaining requirement which must be met in order for a lien to be perfected is that the claim of lien must be timely recorded. F.S.A. § 713.08(5). Section 713.-08(5) requires a claim of lien to be filed anytime during the progress of the work or within ninety days after the final furnishing of materials or services. Pursuant to the terms of these statutes, Nash and Suter timely filed claims of lien.

## II. *11 U.S.C. § 545(2)*

■ The issue presented this Court is whether the debtor-in-possession can utilize 11 U.S.C. § 545(2) to avoid these mechanics' liens which attached and became perfected pursuant to Florida law post-petition.

Section 545 of the Bankruptcy Code states:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

Debtor, as debtor-in-possession, is a bona fide purchaser who hypothetically purchased the mobile home park as of the date the bankruptcy proceeding commenced. See 11 U.S.C. §§ 545(2) and 1107. The liens of Suter and Nash did not attach or become perfected until after that date. Since the "transfer to a bona fide purchaser" occurred first, it takes priority over the lien claims of Suter and Nash according to Florida Statute § 713.07(3). Debtor, as debtor-in-possession, is thus entitled to avoid the fixing of the liens filed by Suter and Nash pursuant to 11 U.S.C. § 545(2).

The claimants assert however that § 545(2) must be read in conjunction with § 546(b) and Florida Statute § 713.08(5). Under § 546(b) of the Bankruptcy Code, the debtor-in-possession's right to avoid a lien under § 545 is subject " ... to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." 11 U.S.C. § 546(b). Section 713.08(5) of the Florida Statutes states:

> The validity of the lien and the right to record a claim of lien therefore shall not be affected by the insolvency, bankruptcy or death of the owner before the claim of lien is recorded.

F.S.A. § 713.08(5). Claimants argue that Florida Statute § 713.08(5) is the "generally applicable law" which permit them to record their claims of lien post-petition and prevent application of § 545(2).

The legislative history of § 546 states:

> The trustee's rights and powers under certain avoiding powers are limited by section 546. First, if an interest holder against whom the trustee would have rights still has, under applicable non-bankruptcy law, as of the date of the petition, the opportunity to perfect his lien against an intervening interest holder, then he may perfect his interest against the trustee .... The rights granted to a creditor under this subsection prevail over the trustee *only if* the transferee has perfected the transfer in accordance with applicable law, *and* that perfection relates back to a date that is before the commencement of the case.

> The phrase "generally applicable law" relates to those provisions of applicable law that apply both in bankruptcy cases and outside of bankruptcy cases. H.R. Rep. No. 95–595, 95th Cong., 1st Sess 371 (1977); (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6327 [emphasis added].

According to the legislative history of § 546(b), if perfection under non-bankruptcy law could relate back to a day prior to filing of the petition to defeat the rights of an intervening party then perfection is allowed in bankruptcy and the trustee/debtor-in-possession cannot avoid this right. Section 546(b) protects those claimants who are protected under state law from the

general rule of priority, "first in time, first in right." *In re Electric City, Inc.,* 43 B.R. 336, 338 (Bkrtcy., W.D.Wash.1984).

■ The priority right given a mechanic's lien claimant under Florida Statutes §§ 713.05 and 713.07(2) who records a notice of commencement is that right which was intended by Congress in enacting § 546(b) to be exempt from the trustee's avoidance powers. Suter did not take advantage of its relation back perfection rights, therefore, even though the right was available, § 546(b) does not come into play because the right was never exercised. Neither Suter or Nash acquired a perfected lien which is effective against bona fide purchasers or creditors prior to the filing of the petition. Claims of both Suter and Nash are governed by the general rule of priority, "first in time, first in right."

■ The language in Florida Statute § 713.08 which upholds the validity of a lien notwithstanding the bankruptcy of the owner does not create priority right and is not the "generally applicable law" to which § 546(b) refers. This language is authority for a claimant to seek relief from the automatic stay of 11 U.S.C. § 362 to record its mechanic's lien after the filing of the petition in order to establish the validity and priority of its lien under state law versus subsequent creditors and bona fide purchasers.

The Court finds that debtor, as debtor-in-possession, is entitled pursuant to 11 U.S.C. § 545(2) to avoid the mechanics' liens of Nash and Suter which were perfected post-petition and did not relate back to a day prior to filing.

It is ORDERED:

1. The objections to claim # 228 and # 229 of debtor and Redman Homes, Inc., are sustained.

2. George J. Nash, Inc., and Suter Air Conditioning, Inc., each have an unsecured claim in the amount of $70,414.10 and $6,048.36 respectively.