In re FITNESS CONNECTION, INC., Debtor.

James A. JENKINS, Movant,

v.

FITNESS CONNECTION, INC., Respondent.

Bankruptcy No. 87–4–0061.
Motion No. 87–M–0400A.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

July 16, 1987.

As Supplemented July 27, 1987.

Alan Kerxton, Bethesda, Md., for debtor in possession.

Susan Kelley, Baltimore, Md., for movant, Jenkins.

MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Once more before the court is the question of the interrelationship of two remedial laws, the Bankruptcy Code and the Law of Mechanics' Liens. The court has touched upon these earlier in two R.E. Tull cases, one published as *In re R.E. Tull & Sons, Inc. (Zakroff, Trustee v. Hajoca Corporation )*, 25 B.R. 709 (BC Md.1982), and *In re R.E. Tull & Sons, Inc. (Zakroff v. Artery Organization, Inc., et al.)*, Adversary No. 82–0380A, 1984, *appeal docketed* HM–84–2709 (D.Md. July 5, 1984).

The parties each have filed extensive memoranda. The court also has before it two articles from the *Maryland Law Review:* (1) Franks and McManus, *Balancing Almost Two Hundred Years of Economic Policy Against Contemporary Due Pro-*

*cess Standards—Mechanics' Liens in Maryland After Barry Properties*, 36 Md.L. Rev. 733 (1977); (2) Cutler and Shapiro, *The Maryland Mechanics' Lien Law—Its Scope and Effect*, XXVIII Md.L.Rev. 225 (1968).

The parties have entered into the following stipulation of facts:

1. The debtor is indebted to James A. Jenkins ("Jenkins") for construction services performed and materials furnished by Jenkins, subject to any setoffs or claims for recoupment which the debtor may have against Jenkins.

2. The construction services were performed and materials furnished by Jenkins pursuant to a Proposal dated August 5, 1986. The genuineness, authenticity and enforceability of the Proposal is admitted.

3. The debtor is in payment default under the terms of the Proposal.

4. Jenkins claims that he is owed $61,800.00, plus interest accrued through January 8, 1987, by debtor, for the construction services and materials provided by Jenkins pursuant to the Proposal.

5. Jenkins' construction services and materials were provided to the debtor's business premises located at the shopping center known as "Belvedere Square" at Belvedere and York Roads, Baltimore, Maryland (the property to which Jenkins' services and materials were provided is hereinafter referred to as the "Belvedere Square Property").

6. The debtor leases the Belvedere Square Property.

7. The debtor has no option to purchase the Belvedere Square Property.

8. The Belvedere Square Property is owned by B–Y Limited Partnership (hereinafter referred to as "B–Y Limited").

9. The debtor holds no equity interest in B–Y Limited.

10. On January 8, 1987, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

11. B–Y Limited owes to the debtor at least the sum of $30,000.00, representing the balance due to the debtor for tenant improvements.

12. Under the terms of the Lease between the debtor and B–Y Limited, the debtor is responsible for discharging any mechanics' liens filed against the Belvedere Square Property.

13. The debtor has a leasehold interest in the premises in the shopping center against which the mechanics' lien would be filed.

14. The leasehold interest is a valuable asset of this estate.

15. The loss of the lease would seriously impact on the ability of the debtor to effectuate a reorganization.

16. The actual cost of construction, with extras, exceeded by $3,000.00 the original contract between the debtor and Jenkins.

Maryland mechanics' lien law is found in MD. REAL PROP. CODE ANN. §§ 9–101–14 (1981).[1] "This law is remedial and shall be so construed to give effect to its purpose." ML § 9–112. Nevertheless, mechanics' liens, being unknown at common law nor allowed in equity, derive their operative power from statutes and can be extended no further by the courts. *Freeform Pools, Inc. v. Strawbridge Home For Boys, Inc.*, 228 Md. 297, 179 A.2d 683, 685–86 (1962); *Giles and Ransome, Inc., v. First National Realty Corp.*, 238 Md. 203, 208 A.2d 582, 583–84 (1965).

What is at issue is a collision between a portion of the trustee's strong-arm powers[2] found in 11 U.S.C. § 545(2),

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\*     \*     \*     \*     \*     \*

---

**1.** Reference to the Maryland mechanics' lien article in this opinion will be done by abbreviation such as "ML § 9–112."

**2.** The Chapter 11 debtor in possession receives by virtue of 11 U.S.C. § 1107(a) all of the powers of a trustee. Notably these powers include:
§ 544. *Trustee as lien creditor and as successor to certain creditors and purchasers*

## § 545. *Statutory liens*

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

\* \* \* \* \* \*

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists.

and the changes made in the Maryland mechanics' lien law following the opinion of the Court of Appeals of Maryland in the case of *Barry Properties, Inc. v. Fick Bros. Roofing Co.,* 277 Md. 15, 353 A.2d 222 (1976). The *Barry Properties* case put an end, on procedural due process grounds, to the former version of the mechanics' lien law. In nullifying that law, Judge Digges, writing for the majority, said:

> We ... hold that under the current statute [the former law] there can be no existing lien on property until and unless the claimant prevails either in a suit to enforce the claimed lien or in some other appropriate proceeding providing notice and a hearing (i.e., a declaratory judgment action).

277 Md. at 37, 353 A.2d at 235. The priority provided under the former law was set out in MD REAL PROP. CODE ANN. § 9–107(b) (1974):

> § 9–107. *Priorities.*
>
> (b) *Liens other than mechanics' liens.*—A mechanics' lien has priority over any mortgage, judgment, lien or encumbrance attaching to the building or ground subsequent to the commencement of the building. A mortgage, judgment, lien, or encumbrance attaching prior to the commencement of the building has priority over a mechanics' lien subsequently attaching, if the mortgage, judgment, lien, or encumbrance is required by the laws of the state to be recorded and it was recorded prior to the commencement of the building, otherwise the me-

chanics' lien has priority. (Ann.Code 1957, art. 21, § 9–107; 1974, ch. 12, § 2.) *See also,* MD. CODE ANN. Art. 63, § 15 (1972). Under the prior law, a mechanics' lien had priority relating back to the commencement of the building under consideration. Therefore, a mortgagee, a typical bona fide purchaser, took subordinate to the mechanics' lien. *Parker v. Tilghman v. Morgan, Inc.,* 170 Md. 7, 183 A. 224 (1936). Similarly, the bankruptcy trustee, acquiring his bona fide purchaser status at the time of commencement of the case under 11 U.S.C. § 544(a)(3), is primed under former Maryland Law by the relation back to the commencement of the building.

The present procedure is described in the opinion of the Court of Special Appeals in the case of *Ocean Plaza Joint Venture v. Crouse Construction Co., Inc.,* 62 Md.App. 435, 490 A.2d 252, 257–58 (Md.App.) *cert. denied,* 304 Md. 163, 497 A.2d 1163 (1985). Speaking for the court, Judge Bell summarized the new procedure:

> To establish a mechanic's lien in Maryland, a claimant "must file a proceeding in the circuit court for the county where the land or any part of it lies...." *Tyson v. Masten Lumber & Supply, Inc.,* 44 Md.App. 293, 296, 408 A.2d 1051 (1979), *cert. denied,* 287 Md. 758 (1980); Md. Real Property Code Ann., § 9–105(a) (1981, 1983 Cum.Supp.). The court does not enter a "final order establishing the lien ... until and unless the petitioner prevails in an appropriate proceeding." *Tyson,* 44 Md.App. at 299, 408 A.2d 1051; *Residential Industrial Loan Company v. Weinberg,* 279 Md. 483, 487–88, 369 A.2d 563, *cert. denied,* 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977). This may be at the show cause hearing or at trial.
>
> These proceedings begin when the claimant files a petition and supporting affidavits, which the court then reviews. If a lien appears warranted, the court "directs the owner to show cause" why the lien should not attach. Md.Real

---

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona

fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Property Code Ann., § 9–106(a), *supra;* Md.Rule BG73 a. To controvert the facts presented by the claimant, the owner must "file an affidavit in support of his answer showing cause." Md.Real Property Code Ann., § 9–106(a)(2), *supra.* Failure to do so results in an admission of the statements of fact contained in claimant's affidavit. *Id.;* Md.Rule BG73 b. Furthermore, failure to plead specially the defense of waiver of liens in the owner's answer results in the loss of that defense. *See* Md.Rules 371 and 342 c. The waiver of liens defense constitutes an avoidance of the claim under the Rule. Because it is not one of the defenses that may be raised at any time, Md.Rule 323b, it must be asserted in the answer.

Based on the evidence, the court may conclude that a dispute exists concerning whether the lien should attach or regarding the amount in which it should attach. Upon determining that "there is probable cause to believe the petitioner is entitled to a lien, the court shall enter an interlocutory order...." Md.Real Property Code Ann., § 9–106(b)(3); Md.Rule BG73 d 2. In pertinent parts, this order

"(i) Establishes the lien;

\*     \*     \*     \*     \*     \*

"(iii) States the amount of the claim for which probable cause is found;

\*     \*     \*     \*     \*     \*

"(vi) Assigns a date for the trial of all the matters at issue in the action ... The owner or any other person interested in the property, however, may, at any time, move to have the lien established by the interlocutory order modified or dissolved."

■ Md.Real Property Code Ann., § 9–106(b)(3), *supra.* Therefore, it would appear that under the amendments made to Maryland law subsequent to *Barry Properties,* the debtor in possession endowed with all the rights of a trustee under § 1107 of the Bankruptcy Code may avoid the fixing of a mechanics' lien. If that would be the case, it would appear improper to terminate the stay to permit the attachment of the mechanics' lien. Such a perfection after filing would be in clear conflict with 11 U.S.C. § 549 relating to avoidance of postpetition transactions. As the respondent points out in its brief, "It would be counterproductive, and illogical, to allow a mechanic's lien claimant to proceed post-petition to perfect a lien against an interest in the debtor's property if such interest could clearly be avoided under the Bankruptcy Code." *Memorandum,* page 4. *See,* for example, the Florida cases that have dealt with this issue: *In re Continental Country Club, Inc.,* 64 B.R. 177, 182–83 (BC M.D.Fla.1986) (The priority right given a mechanics' lien claimant under the Florida statutes who records a notice of commencement, taking advantage of the state law permitting relation back, exempts itself from the trustee's avoidance powers of § 546(b)); *Matter of Maas,* 69 B.R. 245, 247 (BC M.D.Fla.1986); *see Collier on Bankruptcy,* 15th Ed., § 545.4, p. 545–21 (15th Ed.1987) (The rights granted to the holder of a statutory lien by § 546(b) only prevail against the trustee if the holder perfects pursuant to applicable law and that perfection relates back to a time prior to the filing of the petition). *See also, Maryland National Bank v. Mayor and City Council of Baltimore,* 723 F.2d 1138, 1143 (4th Cir.1983). There the Fourth Circuit, dealing with a real property tax lien, noted in language applicable here:

"Congress in enacting § 546(b) perceived that the mere intervention of a petition in bankruptcy should not be permitted to defeat what would otherwise be a valid security interest in property. If that interest awaits perfection, and if the generally applicable law permits that perfection to be good against and intervening purchaser, then the trustee should stand in no better shoes than such an intervening purchaser."

Likewise, in an exhaustive opinion regarding an attorney's lien, it was stated in the case of *In re Nicholson,* 57 B.R. 672, 676 (BC Nev.1986):

"If a statute giving rise to a lien allows perfection to 'relate back' to a date prior to commencement of the bankruptcy case, that statutory lien will be recognized as against a trustee and will not be

avoided (citations omitted). If the statute giving rise to the lien does not allow relation back, the trustee will prevail."

Similarly, in the case of *In re Ridley*, 50 B.R. 51, 53 (BC M.D.Tenn.1985), Judge Paine, in dealing with perfection of a lien on an automobile, reviewed several cases and noted:

"Most of the cases construing § 546(b) deal with postpetition perfection of mechanics' liens. In these cases, the courts have held that a trustee may not avoid a mechanic's lien perfected post-petition when the specific language of the state's mechanic's lien statutes provide that the perfection will relate back to a specific prepetition time."

Unfortunately for the movant, the protection afforded suppliers of goods and services by the mechanics' lien law has been severely curtailed because of perceived procedural imperfections in the former law. If the case were decided under the prior Maryland law, unquestionably Jenkins prevails. The court recalls from its own practice the care that lenders took to avoid the slightest manifestation of the commencement of construction in order to avoid being primed by a mechanics' lien. *See Rupp v. Earl H. Cline & Sons, Inc.*, 230 Md. 573, 188 A.2d 146 (1963), and similar cases. This beartrap for lenders has been removed. Bona fide purchasers, such as that flawless litigant the trustee in bankruptcy, armed by powers of § 544 of the Bankruptcy Code, prevail over mechanics. As was pointed out in the conclusion of the Frank and McManus article in its response to the *Barry Properties* decision, the General Assembly made no attempt to reinstate the "relation-back" provisions which had been the law prior to *Barry Properties*. Specifically, the authors stated:

"The effect of the *Barry Properties* holding is that a mechanics' lien's priority would date from the time of a judicial determination of the lien and would no longer relate back to the date of the commencement of construction."

*Supra* at 774.

It is not for this court to comment on the wisdom of the General Assembly's response. However, it is clear beyond contravention that the protection for persons in the construction trade offered by the Maryland mechanics' lien law is close to illusory with the elimination of the priority formerly allowed.

█ The movant also states that it can proceed against the landlord's interest urging that there is a windfall for the landlord in the event that the lease is terminated and the leasehold improvements revert to the landlord. Jenkins reliance upon *Cabana, Inc. v. Eastern Air Control*, 61 Md. App. 609, 487 A.2d 1209, *cert. denied*, 302 Md. 680, 490 A.2d 718 (1985), is misplaced. That dispute was between the landlord and the lienor, the tenant was out of the picture. The land in question had reverted to the landlord, the building was forfeited to the landlord, but the lien attached to the building as an *in rem* right. That case holds that if under the terms of the lease there is a reversion of the improvement to the landlord, the reversion is subject to a perfected mechanics' lien. In this case, there is no such perfected mechanics' lien and there is no right to obtain one. Jenkins' request to obtain a mechanics' lien against the reversionary interest of the landlord in the improvements appears without foundation in Maryland law. Under the Maryland mechanics' lien law, § 9–101(f), in the instant case, the owner, against whom rights may be exercised, is the tenant for years when the contractor, as here, executes the contract with the tenant. The fact that this landlord had provisions in its lease monitoring disbursements of a tenant allowance for construction did not create a relationship between that contractor and the landlord. Furthermore, this court doubts that it has jurisdiction over such a claim.

In conclusion, because of the change of the Maryland mechanics' lien law and the elimination of the relation back, the statutory lien that movant Jenkins would like to exercise is rendered a nullity by § 544(a) of the Bankruptcy Code. Bankruptcy relegates Jenkins to the position of an unsecured creditor without any priority over other unsecured creditors of this Chapter

11 debtor. Therefore, an order will be entered denying the relief sought in all respects.