In re Richard SLACUM, Debtor.

Moffit Brothers Drywall, Inc., Movant,

v.

Richard Slacum, Respondent.

No. 01–52184–SD.

United States Bankruptcy Court,
D. Maryland.

June 11, 2001.

---

Christopher M. Fascetta, Rodgers and Dickerson, Lutherville, MD, for debtor.

Katherine Ann Levin, Baltimore, MD, for creditor.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY MOFFIT BROTHERS DRYWALL, INC.

E. STEPHEN DERBY, Bankruptcy Judge.

Before the court is a Motion for Relief from the Automatic Stay to perfect a mechanics' lien filed by Moffit Brothers Drywall, Inc. and Debtor's opposition. For reasons discussed below, the motion will be denied.

### Background

Richard Slacum (the "Debtor") and his wife Iris R. Slacum own, as tenants by the entirety, property known as 3553 Heights Road, Cambridge, Maryland (the "Property"). On or about September 22, 2000, Moffit Brothers Drywall, Inc. ("Moffit")

proposed, at the invitation of Debtor, d/b/a R & S Contracting, to provide work and materials for new construction on the Property. The proposal was accepted; a contract was executed by Moffit and Debtor as R & S Contracting; and Moffit performed the agreement between September 27, 2000 and October 18, 2000. Moffit claims it is owed $6,652.16.

On February 14, 2001, Debtor individually and d/b/a R & S Contracting filed a petition under Chapter 13 of the Bankruptcy Code. Debtor's wife has not filed for relief. Debtor scheduled the debt owed to Moffit as a general unsecured debt, and his Chapter 13 plan of reorganization does not provide for complete satisfaction of this debt.

Debtor admits that on February 14, 2001, the bankruptcy petition date, Moffit drafted a Notice to Owner of Intention to Claim a Lien, but it was not served on Debtor before Debtor filed his petition. Moffit now requests relief from the automatic stay to pursue, perfect, and enforce a mechanic's lien against the Property.

**Contentions of the Parties**

Moffit asserts that it is entitled to relief from the automatic stay because Debtor's discharge will not prevent the establishment of the mechanic's lien where "[t]he personal liability of a property owner is not required for the establishment of a mechanic's lien." *Moffit Mem.*, p. 2. Thus, argues Moffit, because enforcement of a mechanic's lien is exclusively *in rem*, the discharge of Debtor's personal liability will not preclude Moffit from establishing a mechanic's lien, even if there is no privity of contract between the creditor and owner. *Id. at* p. 3. Moffit's argument continues that there is nothing in the mechanic's lien law of Maryland to prevent attachment of such liens to property held as tenants by the entirety, and that an owner acting as a general contractor is not pro-

tected from the filing of a mechanic's lien by a subcontractor. *Id. at* pp. 3, 4.

The fact that Debtor's wife did not personally contract for the debt owed to Moffit is not an impediment to the establishment of a mechanic's lien, according to Moffit. *Moffit Mem.*, p. 4. Acknowledging that a review of case law suggests that a mechanic's lien is not enforceable against property held as tenants by the entirety unless both owners are personally obligated on the debt, Moffit attempts to distinguish those cases. *Id.* He observes that the cases suggesting the referenced rule all dealt with contractors, rather than subcontractors, pursuing a mechanic's lien, citing *Parker v. Tilghman V. Morgan, Inc.*, 170 Md. 7, 183 A. 224 (Md.1936) in which "a subcontractor was denied a lien, not for its failure to have contracts with both owners, but for its failure to provide notice to both owners." *Moffit Mem.*, p. 5. Moffit concludes that once established, its mechanic's lien would not be avoidable in this Chapter 13 bankruptcy case. The property is owned as tenants by the entirety, only one owner is the Debtor, there are no joint creditors, and the Chapter 13 Debtor may not exercise the broad avoiding powers of a trustee or debtor-in-possession. *Id. at* p. 5.

In response, Debtor argues that Moffit cannot proceed against the Property because it is exempted tenants by the entirety property, and the debt owed to Moffit is an individual debt. Consequently, Moffit, as the creditor of an individual, may not encumber the tenants by the entirety interest in the Property. *Debtor's Mem.*, p. 6.

**Statement of the Law**

█ Maryland's mechanics' lien law is remedial, but being based in statute, it cannot be extended beyond the bounds of the statute. *Jenkins v. Fitness Connec-*

*tion, Inc.,* 76 B.R. 534, 535 (Bankr.D.Md. 1987). Real property held as tenants by the entirety in Maryland is not open to the establishment of a mechanic's lien where only one of the owners is obligated on a debt. *See, Bukowitz v. Maryland Lumber Company,* 210 Md. 148, 153, 122 A.2d 486, 489 (Md.1956) ("It is well settled in Maryland that where property is held by the entireties neither husband nor wife, acting alone, can encumber or dispose of any part of the estate, or make the other spouse responsible for improvements to it.") (citations omitted); *William Penn Supply Corp. v. Watterson et al.,* 218 Md. 291, 146 A.2d 420 (Md.1958) (concluding wife was not bound by husband's contract, and therefore property held as tenants by the entirety was not subject to establishment of mechanic's lien, where creditor could not prove that husband acted as wife's agent in forming the contract or that proper notice of the creditor's intent to claim a lien was served on the wife); *Blenard v. Blenard et al.,* 185 Md. 548, 557, 45 A.2d 335, 338–39 (Md.1946) (holding that in order to establish the validity of a mechanic's lien against property held by husband and wife as tenants by the entirety, the creditor must show that (a) a debt was contracted for by agreement, (b) the contract purported to make both husband and wife debtors, and (c) in the making of the contract the husband was the agent of the wife); *Greenway v. Turner,* 4 Md. 296, 304 (1853) (The liability of an owner on a mechanic's lien requires that there be an active subsisting contract between the builder and an owner before the owner can be responsible for materials provided to the builder), *cited with approval in York Roofing, Inc. et al. v. Adcock et al.,* 333 Md. 158, 169, 634 A.2d 39, 44 (Md.1993).[1]

Moffit cites *York Roofing, Inc. et al. v. Adcock et al.,* 333 Md. 158, 634 A.2d 39 (Md.1993) for the proposition that its entitlement to proceed *in rem* against the Property exists even where there is no privity between Moffit and Debtor's wife. The passage quoted by Moffit refers to the fact that, although Maryland's laws were amended, a subcontractor still had the right to pursue a mechanic's lien against an owner's property even though there was no privity between the owner and subcontractor. *York Roofing, Inc. et al. v. Adcock et al.,* 333 Md. at 164, 634 A.2d at 42. However, *York Roofing,* does not eliminate the requirement that the general contractor be in privity with the owners of the property. *York Roofing,* 333 Md. at 160, 634 A.2d at 40. A contractor or subcontractor may establish a mechanic's lien against an owner's building for a debt owed by the owner to the contractor, or by the contractor to the subcontractor if the debt was incurred pursuant to a contract between the contractor and the owner. *See e.g., Kaufman v. Miller,* 75 Md.App. 545, 542 A.2d 391, 392–95 (1988), *interpreting* Md.Code Ann., Real Prop. §§ 9–101(c), (d), (g), 102(a). In short, the existence of an agreement between the general contractor and owner is a statutory prerequisite to the establishment of a mechanic's lien on the owner's property.

In addition, Moffit cites *Parker v. Tilghman V. Morgan, Inc.,* 170 Md. 7, 183 A. 224 (Md.1936) for the proposition that, in the case of a subcontractor, both owners of property held as tenants by the entirety need not be obliged on a debt to make the property subject to the establishment of a mechanic's lien. It appears, however, that

---

**1.** This is consistent with the understanding of Md. Real Prop.Code Ann. § 9–101(f), in which a creditor is limited to recourse against a tenant's interest if the underlying contract is made with the tenant and not the owner. *Jenkins v. Fitness Connection, Inc.,* 76 B.R. at 538.

both owners in that case entered into the contract with the general contractor, and the subcontractor's lien failed only because the subcontractor had not provided notice to both owners. *Parker v. Tilghman V. Morgan, Inc.*, 170 Md. at 7, 183 A. at 226. Therefore, the case cannot be read to imply that both owners of the property held as tenants by the entirety need not be obligated on a debt to make it subject to a mechanic's lien.

*Analysis*

■ Moffit has conceded in its memorandum that Debtor's wife did not personally contract for the debt owed to Moffit. *Moffit Mem.*, p. 1 and Exh. A. Moffit has not asserted that Debtor was acting as an agent for his wife, nor has he asserted that he provided notice to Debtor's wife in an attempt to obviate the need for obligation on the debt by Debtor's wife.[2] It is undisputed that the Property is owned by Debtor and his wife as tenants by the entirety. *Id.* at p. 2. Therefore, because property held as tenants by the entirety is not subject to the establishment of a mechanic's lien where only one owner is liable for a debt, "[b]ankruptcy relegates [Moffit] to the position of an unsecured creditor without any priority over other unsecured creditors." *Jenkins v. Fitness Connection, Inc.*, 76 B.R. at 538. Accordingly, Moffit's request for relief from the automatic stay will be denied.

Because this issue is dispositive, the court will refrain from ruling on the remaining issues raised by the parties. Therefore, it is, this _____ day of June, 2001, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that Moffit Brothers Drywall, Inc.'s request for relief from the automatic stay is denied.

---

**2.** The court in *William Penn Supply Corp.*, appears to hold that the notice requirement is an independent ground for reaching property held as tenants by the entirety. The court relies on *Bukowitz*, in which both owners executed the contract with the general contractor, and the issue was only whether notice to one owner of the intent to claim a lien was sufficient where the property was held as tenants by the entirety.